[No. 797.  Decided April 21, 1893.]

SILAS W. BURT, *Respondent*, v. RICHARD AGASSIZ *et al.*, *Respondents*, AND FRANK A. STEWART, *Appellant*.

FRAUDULENT CONVEYANCES — SUFFICIENCY OF EVIDENCE.

A judgment holding certain conveyances fraudulent on the ground that they were executed to hinder, delay and defraud creditors will not be disturbed where the evidence shows that, at the time of the transfers, the grantors were indebted to their grantee in the sum of $1,750, which was amply secured by collateral notes, and otherwise; that one of the grantors and the grantee were partners in business; that at the time of the transfers a suit was being prosecuted against the grantors to recover the sum of $20,000, although this suit was subsequently decided in favor of the defendants; that the total indebtedness of the grantors to the grantee, including loans and advancements subsequent to the conveyances, which, it was claimed, were intended merely as mortgages, never exceeded the sum of $8,000, while the value of the property transferred was greatly in excess thereof; and that after the conveyances the grantors still continued to collect rent from various tenants.

*Appeal from Superior Court, King County.*

*Hughes, Hastings & Stedman*, for appellant.
*Bausman, Kelleher & Emory*, for respondent Burt.

The opinion of the court was delivered by

SCOTT, J.—We are of the opinion that the decision of the court holding the conveyances from the Pantings to appellant fraudulent on the ground that they were executed to hinder, delay and defraud creditors must be sustained. At least we do not find the evidence strong enough the other way to justify us in overturning the same, under its most favorable view for the appellant.

In cases like this, where the decision turns solely upon a question of fact, it is generally not advisable to burden the reports with a detail of the evidence. A few of the more salient points, however, will be stated.. At the time of the transfers from the Pantings to Stewart it appears that James Panting was indebted to Stewart in the sum of $1,750 only; that the whole of this amount was then amply secured by collateral notes and otherwise; that Stewart had not requested any further security; that at said times a suit was being prosecuted against the Pantings to recover the sum of twenty thousand dollars; that James Panting and Stewart were partners in business.

It is claimed that the deeds to the real estate in question were not intended as absolute conveyances, but were given for the purpose of securing the indebtedness then existing· from Panting to Stewart, and for future loans and advancements. The whole of said indebtedness, including all advances made, at no time exceeded the sum of eight thousand dollars, according to appellant's claim, while the value of the property transferred was greatly in excess of this. After said conveyances Panting continued to collect rent from various parties occupying said premises. It is claimed that this was done as the agent of Stewart. It is conceded that the suit aforesaid was subsequently decided in favor of the defendants, but it was pending at the time said conveyances were made.

It is further contended that the conveyance to Agassiz should be sustained in any event, but the appellant is in no position to question the ruling of the court upon the conveyance made by him to Agassiz, and Agassiz himself did not appeal therefrom.

Judgment affirmed.

HOYT, ANDERS and STILES, JJ., concur.

DUNBAR, C. J., not sitting.